UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AG KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:24-cv-01337 (UNA) |
| BANK AUTO BODY INC., et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, who appears to reside in the District, sues Bank Auto Body, Inc. and Norris Garage, both auto repair shops located in Oxen Hill, Maryland. *See* Compl. at 1–2. She also sues CSAA Auto Insurance Company, *see id.* at 2, but she provides no address or contact information for that defendant, in contravention of D.C. LCvR 5.1(c)(1). Plaintiff alleges that the defendant auto repair shops conspired to overcharge her for repairs to her vehicle, by conducting repairs that were neither authorized by her or by CSAA. *See id.* at 4; Compl. Exhibits, ECF No. 1-2, at 2–3. She further challenges CSAA's position regarding the two accidents that gave rise to the damage to her vehicle, respectively, including an alleged failure to properly represent her interests, or to pursue reimbursement from the responsible driver, "[l]eaving [her] without remedy[.]" *See* Compl.

at 4–5. She demands $50,000 in damages. *See id*. at 4; Civil Cover Sheet, ECF No. 1-1, at 2. Simply put, plaintiff has failed to establish subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

*First*, plaintiff has failed to state a federal question. As presented, plaintiff attempts to bring tort or contract claims against private actors. She neither invokes any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

*Second*, plaintiff has failed to establish diversity of citizenship. It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Here, the complaint fails to "meet the standards of diversity," *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), of which "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone[,]" *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Because "failing to establish citizenship is not a mere technicality," the party seeking to proceed in diversity must clearly plead "the citizenship of each and every party to the action." *Id.*; *see Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004)

("the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]"). As noted above, plaintiff fails to provide any contact information for CSAA, therefore, its state citizenship is unknown. Moreover, plaintiff seeks $50,000, falling below the minimum $75,000 threshold.

    For these reasons, the Court dismisses the complaint, and this matter, without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: July 10, 2024

TREVOR N. McFADDEN
United States District Judge